**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4548**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CHRISTOPHER NOVELL MCCAULEY,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00423-TDS-1)

Submitted:  May 28, 2015                  Decided:  May 10, 2016

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Novell McCauley pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), conditioned on his right to appeal the district court's denial of his motion to suppress evidence seized following a traffic stop. The district court sentenced McCauley to 110 months in prison, and he now appeals. For the reasons that follow, we affirm.

McCauley challenges the district court's conclusion that the arresting officer had reasonable suspicion to extend the traffic stop to conduct a canine sniff. When considering the denial of a motion to suppress, "we review the district court's factual findings for clear error and its legal conclusions de novo." United States v. Green, 740 F.3d 275, 277 (4th Cir. 2014). We construe the evidence in the light most favorable to the government, the prevailing party below. Id.

"It is well established that the temporary detention of individuals during the stop of an automobile by the police constitutes a seizure, no matter how brief the detention or how limited its purpose." United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008) (alterations and internal quotation marks omitted). During a routine traffic stop, an officer may request a driver's license and registration, perform a computer check, issue a citation, and even conduct a canine sniff "if performed

2

within the time reasonably required to issue a traffic citation." Id. (internal quotation marks omitted). In order to extend a traffic stop beyond this scope, however, a police officer "must possess a justification for doing so other than the initial traffic violation that prompted the stop in the first place" and, therefore, must have either the driver's consent or a reasonable suspicion of illegal activity. Id. at 336; see Rodriguez v. United States, 135 S. Ct. 1609, 1614-16 (2015) (absent reasonable suspicion, officer may not extend otherwise-completed traffic stop to conduct canine sniff).

An officer must have "at least a minimal level of objective justification" and "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000) (internal quotation marks omitted). The detaining officer must "either articulate why a particular behavior is suspicious or logically demonstrate, given the surrounding circumstances, that the behavior is likely to be indicative of some more sinister activity than may appear at first glance." United States v. Williams, 808 F.3d 238, 246 (4th Cir. 2015). Though each relevant fact articulated by the officer "need not on its own eliminate every innocent traveler," the facts "must in their totality serve to eliminate a substantial portion of innocent travelers." Id. at 246 (emphasis and internal quotation marks

3

omitted). Thus, we evaluate the facts "both separately and in the aggregate, recognizing that our inquiry must account for the totality of the circumstances, rather than employ a divide-and-conquer analysis." Id. at 247 (internal quotation marks omitted). In conducting our assessment, we give "due weight to common sense judgments reached by officers in light of their experience and training." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004).

We have reviewed the record and the relevant legal authorities and conclude that the district court did not err in finding that, here, the officer had sufficient reasonable suspicion to extend the stop to conduct the canine sniff. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED